IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LAVERNE WRIGHT**             **PLAINTIFF**

v.             No. 3:22-CV-063-NBB-RP

**SOUTHAVEN PIZZA, et al.**             **DEFENDANT**

**REPORT AND RECOMMENDATION**

Plaintiff Laverne Wright filed suit on April 21, 2022, and simultaneously filed a motion to proceed *in forma pauperis*. In reviewing the motion and Complaint, the undersigned concluded that this court may lack subject matter jurisdiction over the Plaintiff's claims. As such, the court entered an Order [4] directing the Plaintiff to show cause as to why this case should not be dismissed. The Plaintiff has now responded.

In the Show Cause Order, the undersigned noted that the Plaintiff has not stated a sufficient basis for this court's jurisdiction. Specifically, the court noted that the Plaintiff fails to state a statute, treaty, or provision of the Constitution to establish federal question jurisdiction under 28 U.S.C. § 1331. Moreover, the Plaintiff has not established diversity jurisdiction under 28 U.S.C. § 1332. "It is presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016).

As noted in the Show Cause Order, the Plaintiff is a resident of Mississippi and the Complaint listed multiple defendants who the Plaintiff claims are also residents of Mississippi. Diversity jurisdiction requires *complete* diversity between the parties, meaning "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). The Plaintiff's

Response to this court's Show Cause Order, like the Complaint, claims that multiple defendants are residents of Mississippi.[1] Rather than establish a basis for diversity jurisdiction, the Response again points to the conclusion that this court lacks subject matter jurisdiction to hear the Plaintiff's claims.

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice. The plaintiff is referred to FED. R. CIV. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date and "a party's failure to file written objections to the proposed findings, conclusions and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

**SO ORDERED**, this the 18th day of May, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] "We all live in [] Desoto County and the businesses are in Desoto Co. Miss[issippi]. Mace Heavy Towing has [sic] office in Hornlake MS[]. Garber Investments property is in Desoto Co. Miss." ECF #5, Response to the Order to Show Cause, at 1.